UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
MADISON DIVISION

| | |
|---|---|
| PATRICK H. HEIER, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 3:21-cv-00617 |
| THE LITIGATION PRACTICE GROUP, PC, | JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT

NOW comes PATRICK H. HEIER ("Plaintiff"), by and through the undersigned, complaining as to the conduct of THE LITIGATION PRACTICE GROUP, PC ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Credit Repair Organizations Act ("CROA") under 15 U.S.C. § 1679 *et seq.,* as well as the Wisconsin Credit Services Organization Act ("WCSOA") under Wis. Stat. § 422.501 *et seq.,* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the CROA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1679, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business within the Western District of Wisconsin and a substantial portion of the events or omissions giving rise to the instant claims occurred within the Western District of Wisconsin.

1

**PARTIES**

4. Plaintiff is a 62 year old natural "person," as defined by 47 U.S.C. § 153(39), residing in Centuria, Wisconsin, which lies within the Western District of Wisconsin.

5. Defendant is a credit repair organization and law corporation that offers its customers the ability to eliminate and resolve their debt issues through Defendant's services. Defendant is a professional corporation organized under the laws of the state of California with its principal place of business located at 17542 17th Street, Suite 100, Tustin, California.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

8. In approximately August 2021, Plaintiff had numerous debts which he wanted to address, and so began seeking out the assistance of various debt relief companies.

9. Upon searching the internet, Plaintiff came upon Defendant.

10. Plaintiff was eventually contacted by Defendant, at which point Defendant explained the nature of its services and that it could help Plaintiff eliminate and resolve his debt issues.

11. It was represented to Plaintiff that Defendant would be able to pay off his debts within 18 months if Plaintiff made payments of approximately $250 per month to Defendant.

12. Plaintiff was led to believe his payments would both cover Defendant's fees as well as go towards settling his enrolled debts.

13. Plaintiff subsequently agreed to enroll a number of debts in Defendant's program, and entered into a contract with Defendant on or about August 16, 2021 ("Contract").

14. After making his first payment, Plaintiff asked Defendant which of the enrolled debts his payment would go towards settling.

15. Defendant then informed Plaintiff that his payment was solely for Defendant's fees, and that any additional funds needed to settle any enrolled debts would cost extra.

16. Plaintiff became distressed and concerned by Defendant's conduct, as he was initially led to believe his monthly payments would go towards settling his debts, yet now found out that was not the case.

17. Defendant further informed Plaintiff to stop paying off his debts so that he could use such funds to pay for Defendant's services.

18. As such, Plaintiff's decision to enroll in Defendant's services was premised upon the notion that his $250 monthly payments would go towards settling his debts, as he otherwise lacked additional funds from which he would be able to settle any of the enrolled debts.

19. Defendant further represented to Plaintiff that, by enrolling in its services, it would contact Plaintiff's creditors and get their phone calls to stop; however, Plaintiff has continued to get contacted by various creditors despite Defendant's representation as to the scope of its services.

20. Furthermore, Defendant has attempted to encourage Plaintiff to engage in deceptive and misleading conduct when dealing with his creditors.

21. For example, Defendant instructed Plaintiff to, if he continued to receive phone calls from creditors, to inform such creditors he was considering filing for bankruptcy, despite that not being an accurate reflection of Plaintiff's situation.

22. Additionally, upon information and belief, the fees incurred by Defendant improperly charged Plaintiff before Defendant's services were fully performed.

23. A portion of Defendant's services included providing Plaintiff with legal representation in the event he got sued by any of the creditors associated with the enrolled debts.

24. Upon information and belief, Defendant retained fees for services prior to such services being fully performed, as Defendant's retention of Plaintiff's monthly payment, at least in part, went towards purported legal proceedings that have not, and may never, come about.

25. Even further, the contract between Plaintiff and Defendant fails to include the information and disclosures Defendant was required to provide to Plaintiff under federal and state law.

26. At no point did Defendant provide Plaintiff any of the disclosures required by federal and state law.

27. Defendant's failure to provide Plaintiff the relevant information and disclosures inhibited Plaintiff's ability to chart an intelligent course of conduct in connection with his dealings with Defendant.

28. Upon further information and belief, Defendant is not licensed to practice as a credit repair organization in the state of Wisconsin.

29. Frustrated, distressed, and confused over Defendant's conduct, Plaintiff spoke with the undersigned regarding his rights.

30. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, emotional distress, aggravation, mental anguish, pecuniary harm stemming from his reliance on Defendant's conduct, deprivation of his substantive right to receive information regarding Defendant's services, as well as violations of his state and federally protected interests – interests which were harmed put at a material risk of harm stemming from Defendant's conduct.

## COUNT I – VIOLATIONS OF THE CREDIT REPAIR ORGANIZATIONS ACT

31. Plaintiff repeats and realleges paragraphs 1 through 30 as though fully set forth herein.

32. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1679a(1) of the CROA.

33. Defendant is a "credit repair organization" as defined by §1679a(3) of the CROA, as it is a person who uses any instrumentality of interstate commerce or the mails to sell, provide, or perform any service, in return for the payment of money or other valuable consideration, for the express or implied purpose of improving a consumer's credit, credit history, or credit rating, or providing assistance to any consumer with regard to any activity or service for the purpose of improving a consumer's credit.

    a. **Violations of CROA § 1679b(a)(1)**

34. The CROA, pursuant to 15 U.S.C. § 1679b(a)(1)(B)(i), states that no person may "make any statement, or counsel or advise any consumer to make any statement, which is untrue or misleading . . . with respect to any consumer's credit worthiness, credit standing, or credit capacity to – any person – who has extended credit to the consumer."

35. Defendant violated § 1679b(a)(1)(B)(i) through its advisement that Plaintiff make misleading statements to his creditors. Defendant instructed Plaintiff to inform his creditors that he was considering filing bankruptcy via Defendant, which was misleading and not a true reflection of Plaintiff's considerations.

    b. **Violations of CROA §§ 1679b(a)(3)-(4)**

36. The CROA, pursuant to 15 U.S.C. § 1679b(a)(3) prohibits any person from "mak[ing] or us[ing] any untrue or misleading representation of the services of the credit repair organization." Additionally, pursuant to 15 U.S.C. § 1679b(a)(4), any person is prohibited from "engag[ing], directly or indirectly, in any act, practice, or course of business that constitutes or results in the commission of, or an attempt to commit, a fraud or deception on any person in connection with the offer or sale of the services of the credit repair organization."

37. Defendant violated the above referenced provisions of the CROA through its misrepresentations and deception as to the nature of the credit repair services it provided Plaintiff. Defendant represented to Plaintiff that his $250 payment would go towards resolving and eliminating his debt; however, he was later informed, after making his first payment, that his payments went solely towards Defendant's fees and that he would have to pay extra in order to truly resolve his debts. Plaintiff's decision to enroll in Defendant's services was carefully crafted upon considering his financial means, and upon realizing that extent to which he was deceived, Plaintiff suffered emotional distress as he lacked the financial means to both pay Defendant as well as the creditors he sought to avoid by enrolling in Defendant's services.

38. Defendant further deceptively represented the nature of its services when it suggested that it would get Plaintiff's creditors to stop contacting him. Despite this representation Plaintiff has continued to get called by his creditors.

    c. **Violations of CROA § 1679b(b)**

39. The CROA, pursuant to 15 U.S.C. § 1679b(b), provides that "[n]o credit repair organization may charge or receive any money or other valuable consideration for the performance of any service which the credit repair organization has agreed to perform for any consumer before such service is fully performed."

40. Defendant violated § 1679b(b) through its charging and receiving of money for services agreed to perform before such services are fully performed. Included within Defendant's services was legal representation in the event Plaintiff got sued, and Plaintiff's payments went towards these fees. Despite Defendant promising to perform such services, it nevertheless charged and accepted payment before such services were fully performed.

    d. **Violation of CROA § 1679c**

41. The CROA provides that a credit repair organization must provide consumers with certain written disclosures in the contract underpinning the provision of credit repair services to consumer. Pursuant to 15 U.S.C. § 1679c(b), "the written statement required under this section shall be provided as a document which is separate from any written contract or other agreement between the credit repair organization and the consumer or any other written material provided to the consumer."

42. Defendant violated 15 U.S.C. §§ 1679c(a)-(b) through its failure to provide the written disclosures required under § 1679c. Defendant never provided such disclosures, nor did it provide a separate document containing such disclosures.

    e. **Violation of CROA §§ 1679d(4) & 1679e**

43. The CROA, pursuant to 15 U.S.C. § 1679d(4), requires credit repair organization to include, in the contract between them and a consumer, "a conspicuous statement in bold face type, in immediate proximity to the space reserved for the consumer's signature on the contract, which reads as follows: 'You may cancel this contract without penalty or obligation at any time before midnight of the 3rd business day after the date on which you signed the contract. See the attached notice of cancellation form for an explanation of this right.'" 15 U.S.C. § 1679e further outlines the extent of a consumer's cancellation rights under CROA while requiring such disclosure to be given to consumers in writing.

44. Defendant violated 15 U.S.C. §§ 1679d(4) & 1679e through its complete failure to provide the above disclosure in immediate proximity to the space reserved for Plaintiff's signature on the contract, as well as its failure to provide the notice of cancellation to Plaintiff.

WHEREFORE, Plaintiff, PATRICK H. HEIER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

   b. Awarding Plaintiff actual damages to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(1);

   c. Awarding Plaintiff punitive damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1679g(a)(2)(A);

   d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1679g(a)(3); and

   e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE WISCONSIN CREDIT SERVICES ORGANIZATION ACT

45. Plaintiff restates and realleges paragraphs 1 through 44 as though fully set forth herein.

46. Plaintiff is a "buyer" as defined by Wis. Stat. § 422.501(1).

47. Defendant is a "credit services organization" as defined by Wis. Stat. § 422.501.

   **a. Violation of WCSOA § 422.502**

48. The WCSOA, pursuant to Wis. Stat. § 332.53(1), provides that "[a] person may not act as a credit services organization unless the person has been issued a certificate of registration from the administrator and the person has complied with the bond or letter of credit requirement under sub. (3)."

49. Defendant violated § 332.53(1) by operating as a credit services organization in Wisconsin without the proper licensure.

   **b. Violation of WCSOA § 422.503**

50. The WCSOA, under Wis. Stat. § 422.503, outlines a variety of conduct in which credit services organizations are prohibited from engaging.

51. Pursuant to § 422.503(1)(b), a credit services organization cannot "make, or counsel or advise any buyer to make, any statement which is untrue or misleading and which is known, or

which by the exercise of reasonable care should be known, to be untrue or misleading, to a consumer reporting agency or to any person who has extended credit to a buyer . . . with respect to a buyer's credit worthiness, credit standing or credit capacity."

52. Defendant violated § 422.503(1)(b) when it counseled Plaintiff to make misleading statements to his creditors.

53. Pursuant to § 422.503(1)(c), a credit services organization cannot "make or use any untrue or misleading representations in the offer or sale of the services of the credit services organization or engage, directly or indirectly, in any act, practice, or course of business that operates or would operate as a fraud or deception upon any person in connection with the offer or sale of the services of a credit services organization.

54. Defendant violated § 422.503(1)(c) in much the same way it violated 15 U.S.C. §§ 1679b(a)(3)-(4).

    c. **Violation of WCSOA § 422.504**

55. The WCSOA, pursuant to Wis. Stat. § 422.504, outlines an information statement that must be provided by credit service organizations to buyers before buyers enter into any contracts.

56. Defendant violated § 422.504 by failing to provide the required information statement to Plaintiff prior to entering into the contract with Plaintiff. prohibits a credit services organization from "mak[ing] or us[ing] any untrue or misleading representations in the offer or sale of the services of a credit repair organization or engage, directly or indirectly, in any act, practice, or course of business that operates or would operate as fraud or deception upon any person in connection with the offer or sale of the services of a credit services organization."

    d. **Violation of WCSOA § 422.505**

57. The WCSOA, pursuant to Wis. Stat. § 422.505, has similar contractual disclosure requirements as the CROA.

58. Defendant violated § 422.505 by once again failing to adequately notify Plaintiff of his right to cancel and similar failure to provide the cancellation notice in writing to Plaintiff.

59. Defendant violated the above portion of the MCSOA through its misrepresentations made to Plaintiff about the nature and contours of the services it was providing Plaintiff.

WHEREFORE, Plaintiff, PATRICK H. HEIER, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages pursuant to Wis. Stat. § 425.305;

c. Awarding Plaintiff's costs and reasonable attorney fees; and,

d. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: September 29, 2021                                   Respectfully submitted,

s/ Nathan C. Volheim                                         s/Eric D. Coleman
Nathan C. Volheim, Esq. #6302103                             Eric D. Coleman, Esq. #6326734
Counsel for Plaintiff                                         Counsel for Plaintiff
Admitted in the W.D. Wisconsin                               Admitted in the W.D. Wisconsin
Sulaiman Law Group, Ltd.                                     Sulaiman Law Group, Ltd.
2500 South Highland Ave, Suite 200                           2500 South Highland Ave, Suite
Lombard, Illinois 60148                                      Lombard, Illinois 60148
(630) 568-3056 (phone)                                       (331) 307-7648 (phone)
(630) 575-8188 (fax)                                         (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                                     ecoleman@sulaimanlaw.com